**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>**Plaintiff** | **CASE NO. 3:25-CR-069-MJN-2** |
| **v.** | **JUDGE: NEWMAN** |
| **PAUL ALLEN**<br>**Defendant** | **MOTION TO RELEASE DEFENDANT FROM PRETRIAL DETENTION TO PRETRIAL RELEASE DUE TO MEDICAL NECESSITY** |

Now comes the Defendant, **Paul Allen**, by and through Counsel, Christopher M. Fogt, and moves this Honorable Court to be released from pretrial detention, for the reasons provided in the following Memorandum.

Respectfully submitted:

/s/ Christopher M. Fogt

FOGT LAW OFFICE
Christopher M. Fogt #0083709
Attorney for Defendant
5335 Far Hills Ave., Suite 302
Dayton, Ohio 45429
(937) 254-2600 FAX (937) 254-5911
christopherfogt@fogtlaw.com

# **MEMORANDUM IN SUPPORT**

*Introduction*

Defendant is charged with Count 1 of the Indictment, Conspiracy in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), and 846; Count 8, Possession with Intent to Distribute in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), and *Pinkerton v. United States*, 328 U.S. 640 (1946); and Count 10, Possession of a Firearm in Furtherance of Serious Drug Offense in violation of Title 18, United States Code, Section 924(c), and *Pinkerton v. United States*, 328 U.S. 640 (1946)

This Court found by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) will reasonably assure Defendant's appearance as required and/or the safety of the community. Doc #: 9.

*Legal Argument*

18 U.S.C. § 3145(c)(B) requires courts to impose the least restrictive set of conditions reasonably necessary to secure the defendant's appearance at court and the safety of the community.

Under 18 USC 3142(g) courts should consider the following factors when determining whether pretrial detention is necessary:

1. The natures and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

2. The weight of the evidence against the person;

3. The history and characteristics of the person, including:

    a. The person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

b. Whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

4. The nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

*Considering the aforementioned factors*

There was no violence alleged; not a terrorism case; no minor victim; no explosive or destructive device. Mr. Allen was previously convicted of murder and served thirty years. Mr. Allen was a good inmate and made the most of his time served. The community and nor single individual would be in danger upon Mr. Allen's release.

*Health Problems*

Defendant, Paul Allen, has multiple myeloma, a type of blood cancer. He was in remission for a lengthy period of time and was so prior to his most recent incarceration, but unfortunately his doctor is concerned that his cancer is no longer in remission.

Mr. Allen has not been receiving his chemotherapy pill while incarcerated, which is a necessary prescribed medication. He may need to receive drip injections as well. Mr. Allen is prescribed a dietary milk product similar to Ensure that he is not receiving while incarcerated. Mr. Allen needs regular exercise, which he has attempted to accomplish while incarcerated, but has been unable to do so. It would help Mr. Allen's pain if he could have extra mat to sleep as well

Mr. Allen saw an oncologist prior to his incarceration. He received treatment from Dr. Saba at Kettering Hospital. Mr. Allen needs to be examined by Dr. Davronkonda (spelled phonetically by Defense Counsel) at OSU for treatment.

Mr. Allen has declined being transported to the doctor from the Shelby County Jail a couple of times due to the difficulty of being transported though. The reasons are the conditions in the location in which he must wait for transport causes him pain and discomfort and the ride itself to the doctor's office is unbearable due to his medical condition. Mr. Alllen cannot physically endure everything necessary to make to the doctor's office, whereas he can tolerate being transported in a civilian vehicle.

Despite Shelby County Jail's best efforts, Mr. Allen needs to receive better and more timely medical care. This can be accomplished by releasing Mr. Allen and placing him on GPS monitoring and other terms and conditions.

*Residence*

If granted release, Mr. Allen would reside with his brother, Ralph Allen, at 307 Trudy Avenue in Dayton.

*Defendant is NOT a Flight Risk*

Defendant, Paul Allen has close ties to the area and strong support from loved ones. He has a history of gainful employment in the community.

*Additional Considerations*

1) Defendant is willing to abide by any and all conditions set by the Court, including but not limited to Electronic Monitoring (GPS or house);
2) Defendant has been incarcerated in this matter since on or about August 3, 2025.
3) Defendant is not charged with any offenses of violence; and

4) Defendant has not incurred any violations while incarcerated.

*Conclusion*

WHEREFORE, for the reasons provided in this Memorandum, the Defendant respectfully requests to be released from pretrial detention to receive proper medical treatment and remain on pretrial release pending trial to keep receiving necessary medical care.

Respectfully submitted:

/s/ Christopher M. Fogt

FOGT LAW OFFICE
Christopher M. Fogt #0083709
Attorney for Defendant
5335 Far Hills Ave., Suite 302
Dayton, Ohio 45429
(937) 254-2600 FAX (937) 254-5911
christopherfogt@fogtlaw.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing motion was served electronically upon the AUSA on the date of filing herein.

/s/ Christopher M. Fogt

Christopher M. Fogt #0083709