**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:25-CR-069-MJN-2** |
| **Plaintiff** | |
| | |
| **v.** | **JUDGE: NEWMAN** |
| | |
| **PAUL ALLEN** | **<u>MOTION TO SEVER</u>** |
| **Defendant** | |

Now comes the Defendant, **Paul Allen**, by and through Counsel, and herby requests the Court issue an Order severing Defendant's case for trial and ordering Defendant to be tried separately from his codefendants for the reasons provided in the following Memorandum.

As ground for this motion, Counsel relies on Rule 14 of the Federal Rules of Criminal Procedure, which states that if "the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."

Respectfully submitted:

/s/ Christopher M. Fogt

_____

FOGT LAW OFFICE
Christopher M. Fogt #0083709
Attorney for Defendant
5335 Far Hills Ave., Suite 302
Dayton, Ohio 45429
(937) 254-2600 FAX (937) 254-5911
christopherfogt@fogtlaw.com

1

## **MEMORANDUM**

The Court should only grant a motion for a severance "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). "Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant." *Id*.

In *Zafiro*, The Supreme Court illustrated what may constitute Rule 14 "prejudice:"

> For example, evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty. When many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened. Evidence that is probative of a defendant's guilt but technically admissible only against a codefendant also might present a risk of prejudice. Conversely, a defendant might suffer prejudice if essential exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial.

Internal Citations Omitted.

Though it is guided by *Zafiro,* the Sixth Circuit still notes that "in general, persons jointly indicted should be tried together." *United States v. Martinez*, 432 F. App'x 526, 529 (6th Cir. 2011) (Internal Citations Omitted). It further held, that Rule 14 prejudice must be more than "run-of-the-mill, plain vanilla prejudice that is incident to, or at least likely to arise in, any criminal trial involving more than one defendant." *Id*.

Here, if the Court does not grant Mr. Allen a separate trial, he will be unduly prejudiced for two distinct reasons. First, as shown in the discovery, Mr. Allen's alleged level of culpability is far lower than the other codefendants. The lack of evidence shows that Mr. Allen was not

2

involved in the alleged conspiracy. Mr. Allen did not conduct any drug transactions, or resided at the address where narcotics were found by law enforcement.

There is a substantial risk that evidence concerning the conduct of Mr. Allen's co-defendants will improperly spillover and influence the jury's view of the evidence against him. The jury may hear extensive evidence concerning alleged conduct, communications, and activities involving his co-defendants that have little to no connection to Mr. Allen. There is potential danger that the jury will be unable to compartmentalize the evidence and will instead attribute the actions of others to Mr. Allen if he is not severed from them.

Second, if Mr. Allen's case is not severed, it will violate the Confrontation Clause of the Sixth Amendment. The Supreme Court has long held that the Sixth Amendment contains a "confrontation rule...[that gives] a defendant charged with crime an opportunity to cross-examine the witnesses against him." *Pointer v. Texas*, 380 U.S. 400, 406–07 (1965). Discovery indicates that statements were obtained from individuals connected to the investigation. To the extent the Government seeks to introduce statements made by non-testifying codefendants that directly or indirectly implicate Mr. Allen, a substantial Confrontation Clause issue may arise under *Bruton v. United States*, 391 U.S. 123 (1968). While the precise contours of any such issue may not yet be fully known, severance would eliminate the risk that Mr. Allen's constitutional rights could be compromised by the admission of statements he cannot challenge through cross-examination.

In *Bruton,* the Supreme Court discussed how the Confrontation Clause applies to co-defendants tried jointly. There, the Court said at issue were "powerfully incriminating extrajudicial statements of a codefendant, who stands accused side-by-side with the defendant...spread before the jury in a joint trial." *Bruton v. United States*, 391 U.S. 123, 135-136 (1968). These statements were deemed "intolerably" unreliable because the codefendant did "not testify and cannot be tested

3

by cross-examination. It was against such threats to a fair trial that the Confrontation Clause was directed." *Id*. at 136. The Court determined that a limiting jury instruction is not sufficient to quell the Sixth Amendment concerns. *Id.* at 137. Rather, Rule 14 came into effect because the subject defendant was prejudiced by a joint trial. *Id*.

In determining whether severance is appropriate under Rule 14, courts balance the public's interest in avoiding multiple trials against the defendant's right to a fair trial. *United States v. Wirsing*, 719 F.2d 859, 864-65 (6th Cir. 1983). Courts also consider whether spillover evidence would incite or arouse the jury, whether the evidence is intertwined, the similarities and differences in the evidence, the strength of the Government's case, and the jury's ability to separate the evidence as to each defendant. *United States v. Dale*, 429 F. App'x 576, 579 (6th Cir. 2011).

Those considerations weigh in favor of severance here. Given the apparent disparity between the evidence against Mr. Allen and the evidence against his codefendants, there exists a substantial risk that the jury will be unable to fairly compartmentalize the evidence and render an individualized determination of guilt or innocence as to Mr. Allen. A separate trial is therefore necessary to ensure that Mr. Allen receives a fair trial and that the jury's verdict is based solely upon evidence properly attributable to him.

For the foregoing reasons, Paul Allen, asks the Court to grant his motion and sever his case from the codefendants.

4

Respectfully submitted:

/s/ Christopher M. Fogt

FOGT LAW OFFICE
Christopher M. Fogt #0083709
Attorney for Defendant
5335 Far Hills Ave., Suite 302
Dayton, Ohio 45429
(937) 254-2600 FAX (937) 254-5911
christopherfogt@fogtlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing motion was served electronically upon the AUSA on the date of filing herein.

/s/ Christopher M. Fogt

Christopher M. Fogt #0083709